FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS ALEX MORRISON, JR.,<br><br>Defendant. | No. 1-21-CR-02032-SMJ-1<br><br>ORDER DENYING UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE<br><br>**ECF No. 6** |

On Thursday, September 02, 2021, the Court conducted a detention hearing in accordance with 18 U.S.C. § 3142(f). With his consent, Defendant appeared by video from Yakima County Jail and was represented by Assistant Federal Defender Craig Webster. Assistant United States Attorney Michael Murphy represented the United States.

The Court considered the Pretrial Services Report (ECF No. 14) and counsels' arguments. To decide whether conditions of release would reasonably assure Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

ORDER DENYING UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 1

1. The nature and circumstances of the offense;

2. The weight of the evidence against the Defendant;

3. The history and characteristics of the Defendant; and

4. The nature and seriousness of the danger the Defendant would present to the community if released.

Due to the nature of the charge(s), there is a rebuttable presumption of detention in this case. Defendant is charged with two counts of aggravated sexual abuse for conduct alleged to have occurred approximately ten years ago in relation to two different individuals under the age of 12. The charges are serious.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. The United States offers the Court no information about the weight of the evidence, and this Court, therefore, makes no findings as to this factor.

As to his history and characteristics, Defendant is 50 years old and has lived in the Pacific Northwest his entire life, including significant portions of his life in the District. Defendant has lived the past 6 years in Toppenish with his wife, to whom he has been married for 14 years. Defendant has an employment history in the District, including current employment at a local plastics company.

Defendant has some criminal history, and that history reveals Defendant struggled in the past to appear for court proceedings as required. However, this

history and the attendant difficulty to appear for court proceedings is 20 years old and is thus too remote in time to give the Court concerns about the risk of nonappearance. Defendant has no criminal history for the last 20 years. Moreover, Defendant has had no contact with law enforcement since the alleged conduct approximately ten years ago.

The Court finds Defendant has rebutted the presumption of detention.

**IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 6**) is **DENIED**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

4. Defendant is bound over to Judge Salvador Mendoza, Jr. for further proceedings.

5. Defendant shall abide by the following conditions at all times:

ORDER DENYING UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 3

# STANDARD CONDITIONS OF RELEASE

1. Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

5. Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6. Defendant shall report to the U.S. Probation/Pretrial Services office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship, or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

**SPECIAL CONDITIONS OF RELEASE**

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall not be in the presence of minors.

5. Defendant shall not loiter within 500 feet of a school, childcare facility, playground, park, athletic field or facility, or any other business or facility having a principal purpose of caring for, educating, or entertaining minors.

6. Defendant shall maintain employment, or, if unemployed, actively seek employment and/or maintain or commence an educational program.

7. Defendant shall submit to a mental health evaluation and undergo any recommended mental health treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange, in any form and at any time, any and all diagnostic information, treatment recommendation information, or compliance reports, or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

ORDER DENYING UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 6

8.     Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange, in any form and at any time, any and all diagnostic information, treatment recommendation information, or compliance reports, or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

9.     Defendant shall abstain totally from the use of alcohol.

10.    Defendant shall submit to random urinalysis and/or breathalyzer testing as directed by the United States Probation/Pretrial Services Office.

11.    Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

12.    <u>GPS Location Monitoring</u>: Defendant shall participate in a program of GPS location monitoring. Defendant shall wear, at all times, a GPS device under the supervision of United States Probation/Pretrial Services Office. In the event Defendant does not respond to GPS monitoring or cannot be found, the United

ORDER DENYING UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 7

States Probation/Pretrial Services Office shall notify the United States Marshals' Service, who shall immediately find, arrest, and detain Defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

13. Defendant shall abide by a geographic location monitoring boundary around the local alleged victim's residence and place of employment. The boundary area is to be determined by the United States Probation/Pretrial Services Office. This does not apply to out of state alleged victims.

14. Defendant shall be released immediately and may report for work after release. At **8:00 AM on September 3, 2021, or as directed by the Probation/Pretrial Services Office, Defendant must report to the United States Probation/Pretrial Services Office in Yakima for the GPS location monitoring device to be affixed**.

DATED September 2, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 8